IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANGELINA GUERRERO, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. H-09-109 |
| § | |
| MICHAEL J. ASTRUE, Commissioner of § | |
| Social Security Administration, § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court[1] in this case seeking judicial review of a decision of the Social Security Administration is Defendant's Motion for Summary Judgment (Document No. 16), and Plaintiff's cross Motion for Summary Judgment (Document No. 18). Having considered the cross Motions for Summary Judgment, the administrative record, and the applicable law, the Court ORDERS, for reasons stated below, that Plaintiff's Motion for Summary Judgment is GRANTED, Defendant's Motion for Summary Judgment is DENIED, and this matter is REMANDED to the Commissioner of the Social Security Administration for further proceedings.

I.  Introduction

Plaintiff Angelina Guerrero ("Guerrero") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration, denying Guerrero re-entitlement to childhood disability benefits. Guerrero argues the Administrative Law Judge ("ALJ") wrongly dismissed her Social Security Act, Title II claim without considering her current eligibility or disability. The

---

[1] The parties consented to proceed before the undersigned Magistrate Judge on July 16, 2009. (Document No. 15).

Commissioner argues the Administrative Law Judge followed the correct legal standards in determining Guerrero was not entitled to any benefits under Title II of the Social Security Act.

## II.     Administrative Proceedings

On May 27, 2005, Guerrero filed applications for disability insurance benefits under Title II ("DIB"), and supplemental security income benefits under Title XVI ("SSI"), claiming that she has been unable to work since November 15, 2001, as a result of schizophrenia, a learning condition, right knee, and back injury. (Tr. 111-113; 187). Guerrero also, on that same date, filed an application for Childhood Disability Benefits ("CDB") under Title II. (Tr. 114-118). Guerrero's claims were all initially denied on September 8, 2005. (Tr. 52-55). She then requested reconsideration on September 15, 2005, which was denied on November 1, 2005, citing her period of eligibility for DIB expired on December 31, 2002. (Tr. 56; 58-61). Guerrero requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 63).

The Social Security Administration granted her request and the ALJ, Gerald L. Meyer, held a hearing on January 8, 2007, at which Guerrero's claims were considered de novo. (Tr. 24). On July 18, 2007, the ALJ wrote a fully favorable opinion on Guerrero's SSI claims, finding her schizo-affective disorder disabling under § 1614(a)(3)(A) of the SSA as of May 23, 2005. (Exhibit 1). On the same day, July 18, 2007, the ALJ dismissed Guerrero's CDB/DIB claims, stating Guerrero, on advice of counsel, asked to withdraw the request for hearing. (Tr. 24). Guerrero appealed the dismissal of her CDB/DIB claims, stating it was without her or her counsel's consent. (Tr. 25). On Oct 16, 2007, the Appeals Council remanded her CDB/DIB claims to the ALJ, stating the record was unclear as to whether she fully understood the effects of the withdrawal. (Tr. 93). The Appeals Council upheld the ALJ's findings on the SSI claims. (Tr. 93). Guerrero appeared at another hearing for the CDB/DIB claims on February 14, 2008. (Tr. 880-893). The ALJ issued an opinion regarding Guerrero's DIB

2

claims on May 9, 2008, finding she had not been disabled from February 15, 2001 to the date of the decision (Tr. 21, Finding 5). The ALJ also found Guerrero's CDB claims could not be reopened because of an August 23, 2004 opinion denying her CDB. (Tr. 16). On May 21, 2008, Guerrero requested a review of the ALJ's decision not to reexamine her CDB claims. (Tr. 9). The Appeals Council denied the request for review of the CDB claims on October 17, 2008. (Tr. 6-8). The ALJ's decision became a final ruling.

Guerrero filed a timely appeal of the CDB determination. Both Guerrero and the Social Security Commissioner filed cross Motions for Summary Judgment. (Document No. 16, 18). This appeal is now ripe for ruling.

### III.     Prior Administrative Proceedings

Guerrero has three prior final agency actions relevant to the disposition of this case. Those decisions are no longer appealable and are not under review. First, from September 11, 1989 to July 1, 1999, Guerrero was receiving SSI and CDB for depression and borderline intellectual functioning under disability listings 112.04 and 112.05. (Tr. 44, Finding 5). In 1999, the first final agency ruling ended all three benefits when Guerrero was found not disabled by a continuing disability review. (Tr. 35). Guerrero did not appeal that decision.

Second, on December 4, 2002, Guerrero applied for SSI, DIB, and CDB claiming disability from depression, personality disorder, learning disorder, and borderline intellectual functioning. A final decision by the ALJ on August 23, 2004 found she was not under a disability from February 25, 2002 until the date of the decision. (Tr. 45). In connection with that August 23, 2004 decision, the ALJ determined Guerrero was a child of the wage earner, unmarried, dependent on the wage earner, and was under a disability prior to the age of 22. (Tr. 35). The ALJ also concluded she was entitled to CDB from September 11, 1989 until July 1, 1999. (Tr. 45). The ALJ then found she was unable to

3

perform any of her past relevant work from February 25, 2002 until the date of the decision. (Tr. 44, Finding 8). The ALJ then examined her current medical condition, and determined she was not disabled and not entitled to any benefits under Title II or Title XVI, because she retained sufficient residual functional capacity to perform a significant range of light work. (Tr. 44, Finding 1, 10). Guerrero's request for a review of that August 23, 2004 decision was denied by the Appeals Council, and she did not appeal it further. (Tr. 26, 30).

The third relevant opinion was issued July 18, 2007, finding fully in Guerrero's favor on her SSI claims as of May 23, 2005. (Exhibit 1). As is relevant to this appeal, Guerrero was found disabled as a result of schizo-affective disorder under listing 12.03, from May 23, 2005 until the date of the decision. (Exhibit 1).

## IV.     Standard for Review of Agency Decision

The court's review of a denial of disability benefits is limited "to determining (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner's decision comports with relevant legal standards." *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999). Indeed, Title 42, Section 405(g) limits judicial review of the Commissioner's decision: "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." The Act specifically grants the district court the power to enter judgment, upon the pleadings and transcript, "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" when not supported by substantial evidence. 42 U.S.C. § 405(g). While it is incumbent upon the court to examine the record in its entirety to decide whether the decision is supportable, *Simmons v. Harris*, 602 F.2d 1233, 1236 (5th Cir. 1979), the court may not "reweigh the evidence in the record nor try the issues de novo, nor substitute [its] judgment for that of the [Commissioner] even if the evidence preponderates against the

[Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988); *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999); *Cook v. Heckler*, 750 F.2d 391 (5th Cir. 1985). Conflicts in the evidence are for the Commissioner to resolve. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992).

The United States Supreme Court has defined "substantial evidence," as used in the Act, to be "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Substantial evidence is "more than a scintilla and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). The evidence must create more than "a suspicion of the existence of the fact to be established, but no 'substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.' " *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

## V. Re-entitlement to Childhood Disability Benefits

An applicant for childhood disability benefits ("CDB") has the burden of proving their eligibility by establishing several factors. First, the applicant must prove they are under a disability, as defined by § 216(i) and § 223(d) of the Social Security Act. 42 U.S.C. § 402(d)(1). Second, the applicant must be a child of the wage earner under whose insurance they are applying. *Id*. The applicant must be under the age of 18, or under a disability before they reach the age of 22. 42 U.S.C. § 402(d)(1)(B). Finally, the applicant must prove they were dependent on the wage earner under whose insurance they are claiming. 20 C.F.R. § 404.350. If the wage earner is deceased, the applicant must prove they were dependent at the time of death. *Id*.

The child of a deceased wage earner can draw benefits on the earnings record of the wage earner if the child is under a disability before the age of 22. 42 U.S.C. § 402(d)(1)(G). For re-entitlement, the adult must have drawn CDB prior to turning 22. 42 U.S.C. § 402(d)(6)(B). If an

adult's CDB ends or is terminated because the disability ceased, they are re-entitled to CDB if the disability returns before the end of the 84th month following the month in which the earlier benefits were terminated. *Id*. To become re-entitled to CDB under such circumstances, the adult must not have married and must apply for re-entitlement. 20 C.F.R. § 404.351. A re-entitlement applicant is different from a first time adult applicant because the first time applicant must demonstrate continuous, permanent disability prior to the age of 22. 42 U.S.C. § 402(d)(1)(B).

Guerrero last received CDB on July 1, 1999, when a continuing disability review found her no longer disabled (Tr. 35). She filed a claim for CDB on December 4, 2002, and was denied such in an unfavorable 2004 opinion because she was not disabled at the time of her application (Tr. 34-37). She next filed for CDB on May 27, 2005 (Tr. 118). The ALJ denied her CDB claim, stating "the undersigned concludes that the decision dated August 23, 20004, is final and he does not reopen that issue." (Tr. 16).

Guerrero argues the ALJ did not correctly and sufficiently address her application for CDB. The Court agrees. The ALJ has a duty "to develop the facts fully and fairly relating to an applicant's claim for disability benefits," and if "the ALJ does not satisfy his duty, his decision is not substantially justified." *Newton v. Apfel*, 209 F.3d 448, 457 (5th Cir. 2000) (quoting *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)). In the 2009 decision that is at issue herein, the ALJ held the prior decision, from August 2004, finding her not disabled was dispositive of her subsequent May 27, 2005 claim. (Tr. 16, "[T]he undersigned concludes that the decision dated August 23, 2004, is final and he does not reopen that issue"). However, the 2004 unfavorable decision only found Guerrero was not disabled for the period in which she applied; it did not make any findings which would bar her from future re-entitlement to CDB within the 84 month time frame provided by 20 CFR 404.351. The ALJ erred by not explaining why the unfavorable 2004 opinion precludes Guerrero from receiving CDB subsequent to that date.

The only bearing the unfavorable 2004 opinion has on Guerrero's current CDB claims is a demonstration she was not continuously disabled. While first time applicants must show continuous disability, re-entitlement applicants are not even required to be continuously disabled. *Reading v. Mathews*, 542 F.2d 993 (7th Cir. 1976); *Smolen v. Chater,* 80 F.3d 1273 (9th Cir. 1996). Although the 2004 unfavorable opinion shows a gap in disability, there is no statutory requirement to show Guerrero's disability was severe for the entirety of the seven year re-entitlement period. The re-entitlement statute has only two threshold requirements: the disability manifested before she was 22 and she was a recipient of benefits within the last seven years. 42 U.S.C. § 402(d)(6). Both of the threshold requirements for re-entitlement appear to have been met in her application. (Tr. 114-119). None of the elements were definitively disposed of by the 2004 opinion. In fact, the 2004 decision did not fully examine her 2002 CDB claims, but did find she was the child of the wage earner, who died fully insured, she had never been married, and she was dependent in 1999 when her benefits were terminated. (Tr. 43, Finding 3). Those findings, along with her application, would seem to satisfy all the requirements for re-entitlement to CDB, except for the finding she was not currently under a disability in 2004.

The ALJ's ruling relative to Guerrero's CDB application was not substantially justified because he did not examine Guerroro's claim that her childhood disabilities were presently disabling, entitling her to CDB from 2005 forward. The ALJ was correct in asserting the unfavorable 2004 opinion barred Guerrero from claiming disability for the period covered by that opinion. However, the ALJ erred in not fully developing a record examining Guerrero's eligibility for CDB from May 27, 2005 to the present.

VI.    **Disability Insurance Benefits**

An individual claiming entitlement to disability insurance benefits under the Act has the burden of proving her disability. *Johnson v. Bowen*, 864 F.2d 340, 344 (5th Cir. 1988). The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The impairment must be proven through medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3). The impairment must be so severe as to limit the claimant in the following manner:

> [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work.

42 U.S.C. § 423(d)(2)(A). The mere presence of an impairment is not enough to establish that one is suffering from a disability. Rather, a claimant is disabled only if she is "incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quoting *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir. 1986).

The claimant must also be presently insured. The claimant is only eligible for benefits if she proves a disability before the expiration of her insured status. 20 C.F.R. § 404.101. A claimant is insured under her own earnings based on the number of quarters worked and covered. 20 C.F.R. § 404.110. If the claimant becomes disabled after her period of insurance ends, she is not entitled to any disability insurance benefits.

Defendant argues Guerrero's last date insured, based on her earnings, ended on December 31, 2002. A previous final decision on August 23, 2004 reached the same conclusion, appeals of which have been exhausted. (Tr. 26, 43). The decision on appeal also concluded Guerrero was only insured until December 31, 2002, and was not disabled for the purposes of DIB before the expiration of her insurance. (Tr. 18). Guerrero made no argument those conclusions should be reexamined by this Court. Therefore, Guerrero's eligibility for DIB ended on December 31, 2002, and she did not meet the burden of proving she was disabled prior to that date, and thus has no further claims for DIB.

## VII.  Conclusion

Based on the the record, the Court ORDERS that Plaintiff Angela Guerrero's Motion for Summary Judgment (Document No. 18) is GRANTED, the Commissioner's Cross Motion for Summary Judgment (Document No. 16) is DENIED, and this matter be REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings and consideration of Guerrero's May 27, 2005 CDB application.

Signed at Houston, Texas, this 11th day of June, 2010.

_____

Frances H. Stacy
United States Magistrate Judge